## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ALBANY DIVISION

| | | |
|---|---|---|
| CODY L. HUMPHREY, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| VS. | : | **1 : 08-CV-161 (WLS)** |
| | : | |
| FRED BURNETTE, | : | |
| | : | |
| Respondent. | : | |

## RECOMMENDATION

The Petitioner filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his 2001 Dougherty County conviction for malice murder and felony murder. (Doc. 2). Following a jury trial and the return of a guilty verdict, Petitioner was sentenced to life without parole for the malice murder, and the felony murder conviction stood vacated by operation of law. Petitioner appealed his conviction to the Supreme Court of Georgia. His conviction was affirmed on appeal. *Humphrey v. State*, 281 Ga. 596, 642 S.E.3d 23 (2007).

Petitioner filed a state habeas petition on April 30, 2007 in the Superior Court of Telfair County. (Doc. 9-2). The state habeas court denied relief, and Petitioner's application for a certificate of probable cause to appeal was denied by the Georgia Supreme Court on October 28, 2008. (Doc. 9-3; 9-4). Petitioner executed this federal habeas petition on November 20, 2008. (Doc. 2).

## **Factual Background**

This Court is "bound under 28 U.S.C. § 2254[(e)] to afford factual findings of state [appellate] courts a presumption of correctness." *Towne v. Dugger*, 899 F.2d 1104, 1106 (11th Cir. 1990); *Paxton v. Jarvis*, 735 F.2d 1306, 1308 (11th Cir. 1984). The habeas petitioner "shall

have the burden of rebutting the presumption of correctness by clear and convincing evidence."

28 U.S.C. § 2254(e)(1).  The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") thus

retains the statutory presumption of correctness that is to be afforded state courts' factual

findings.  *Id.*  As no dispute has been raised herein regarding the findings of fact issued by the

Supreme Court of Georgia, said findings are hereby adopted as follows:

> The evidence viewed in favor of the verdicts showed that on August 17, 1993, 11-year-old Precious Hostick was stabbed repeatedly while in her apartment and she bled to death; she sustained 42 wounds.  She was found with her nightgown pulled up and the lower part of her body nude.  The nightgown was folded in the middle as though it had been grasped and a button was pulled loose, indicating a struggle.  The child's panties were found in her bedroom at the foot of the bed.

> Humphrey [the Petitioner] lived with his girlfriend in the apartment directly above the one where the victim lived.  The victim's mother frequently allowed Humphrey's girlfriend to use the telephone in her apartment, and the day before the murder, loaned her the apartment key for that purpose.  The girlfriend told Humphrey she had the Hostick key, which she placed on a bar in their apartment.  Humphrey's fingerprint was found on a telephone in the victim's apartment.  There was no evidence of forced entry into the home.

> Prior to the murder, Humphrey told a cell mate, Johnson, that he was angry at the people that lived below him because they kept calling the police on him, and that he was "going to get even one way or another."  He was in possession of a butcher's knife the night before the murder.  Humphrey was seen running away from the murder scene on the day of the murder by a neighbor, Patterson.  Humphrey's sister also saw him that day and he had what appeared to be "red paint" on his jeans.  Humphrey looked like "something was wrong," and "he was about high or something."  She observed that Humphrey changed clothes before being picked up by the police for an interview regarding the murder.

> Humphrey told his brother that a little girl had been killed at his apartment complex prior to the time that the child's body was found.

> While incarcerated following the murder, Humphrey discussed details of the crime with fellow inmates, including that there was

> another girl, about five years old, present at the Hostick apartment at
> the time of the killing, and that the little girl hid under her covers
> and tried to pretend that she was asleep during the attack on her
> sister.
>
> The victim's sister was indeed in the apartment at the time of the
> brutal attack.  She heard noises coming from the living room; she
> heard the table fall over, a man say "lay down on the floor," and her
> older sister saying "help, mama, help."  The little girl told her social
> services case manager, Murray, that her sister's killer was "the black
> man that lived upstairs above her."

*Humphrey*, 281 Ga. at 596-97; (Doc. 9-1).

## **Standard of Review**

Pursuant to 28 U.S.C. § 2254 (d)(1), a federal court may not grant habeas relief on the

basis of a claim adjudicated on the merits in state court unless that adjudication "resulted in a

decision that was contrary to, or involved an unreasonable application of, clearly established

Federal law, as determined by the Supreme Court of the United States."  In interpreting this

portion of the federal habeas rules, the Supreme Court has ruled that a state decision is "contrary

to" clearly established Supreme Court precedent if the state court either (1) arrives at a

conclusion opposite to that reached by the Supreme Court on a question of law, or (2) confronts

facts that are "materially indistinguishable" from a relevant Supreme Court precedent and arrives

at an opposite result. *Williams v. Taylor*, 529 U.S. 362, 405 (2000).

Moreover, the Court held that "[u]nder § 2254(d)(1)'s 'unreasonable application' clause,

then, a federal habeas court may not issue the writ simply because that court concludes in its

independent judgment that the relevant state-court decision applied clearly established federal

law erroneously or incorrectly.  Rather, that application must also be unreasonable."  *Id*. at 411.

An unreasonable application of Supreme Court precedent occurs "if the state court identifies the

correct governing legal rule from [Supreme Court] cases but unreasonably applies it to the facts

3

of the particular state prisoner's case." *Id.* at 407.  "In addition, a state court decision involves

an unreasonable application of Supreme Court precedent 'if the state court either unreasonably

extends a legal principle from [Supreme Court] precedent to a new context where it should not

apply or unreasonably refuses to extend that principle to a new context where it should apply.'"

*Bottoson v. Moore*, 234 F.3d 526, 531 (11th Cir. 2000) (quoting *Williams*, 529 U.S. at 407).

Accordingly, the Petitioner must first establish that the state habeas court's adjudication of

his claims was "contrary to, or involved an unreasonable application of, clearly established

Federal law, as determined by the Supreme Court of the United States; or resulted in a decision

that was based on an unreasonable determination of the facts in light of the evidence presented in

the State court proceeding." 28 U.S.C. § 2254(d).  In other words, as this is a post-AEDPA case,

the Petitioner herein may obtain federal habeas relief ***only*** if the challenged state court decision

was either contrary to or an unreasonable application of Federal law as determined by the

Supreme Court, or if the state court made a decision based on an unreasonable determination of

the facts.  *Williams*, 529 U.S. at 405; *Early v.  Packer*, 537 U.S. 3, 7 (2002); 28 U.S.C. §

2254(d).

## **Petitioner's Habeas Claims**

In his Petition for federal habeas relief, the Petitioner sets forth the following grounds for

relief: 1) ineffective assistance of appellate counsel for failing to raise a claim against trial

counsel on appeal; 2) ineffective assistance of trial counsel for failing to interview witnesses,

object to hearsay, and call alibi witnesses; 3) ineffective assistance of trial counsel for failing to

allow Petitioner to testify, research the case, and cross-examine an important witness; 4)

ineffective assistance of appellate counsel for failing to raise claims regarding a witness who was

not present to testify. (Doc. 2).  Petitioner also filed an Amended Petition, and set forth the

following additional grounds for relief: 5) prosecutorial misconduct due to the prosecution's improper submission of evidence; 6) prosecutorial misconduct due to an improper indictment; 7) prosecutorial misconduct due to the prosecutor committing perjury; 8) the trial judge improperly sentenced Petitioner to life without parole. (Doc. 5).

***Procedurally defaulted grounds***

Initially, the Respondent asserts that Petitioner's claims of ineffective assistance of trial counsel, prosecutorial misconduct, and improper sentencing are procedurally defaulted.  (Docs. 7-1; 16-1).

<u>Grounds 2 and 3</u>

In Grounds 2 and 3, Petitioner alleges that his trial counsel failed to interview all the defense witnesses, failed to object to hearsay, failed to call alibi witnesses, failed to call Petitioner to testify at trial, failed to properly research the case, and failed to cross-examine an important witness.  (Doc. 2).  These grounds were raised in Petitioner's state habeas proceedings. The state habeas court determined that the grounds were procedurally defaulted under O.C.G.A. § 9-14-48(d), because Petitioner failed to raise these grounds on direct appeal. (Doc. 9-3).

Petitioner must raise all claims at trial and/or on appeal to avoid procedural default. *Coleman v. Thompson*, 501 U.S. 722, 735, 750 (1991).  Relying on *White v. Kelso*, 261 Ga. 32 (1991), the state habeas court found Grounds 2 and 3 of Petitioner's petition had not been timely raised on direct appeal, and thus the court concluded that Petitioner procedurally defaulted these grounds. (Doc. 9-3, p. 8-9).

O.C.G.A. § 9-14-48(d) provides as follows:

> The court shall review the trial record and transcript of proceedings

5

and consider whether the petitioner made timely motion or objection
or otherwise complied with Georgia procedural rules at trial and on
appeal and whether, in the event the petitioner had new counsel
subsequent to trial, the petitioner raised any claim of ineffective
assistance of trial counsel on appeal; and absent a showing of cause
for noncompliance with such requirement, and of actual prejudice,
habeas corpus relief shall not be granted.

Further, the Supreme Court held in *Coleman*:

We now make it explicit: In all cases in which a state prisoner has
defaulted his federal claims in state court pursuant to an independent
and adequate state procedural rule, federal habeas review of the
claims is barred unless the prisoner can demonstrate cause for the
default and actual prejudice as a result of the alleged violation of
federal law, or demonstrate that failure to consider the claims will
result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750.

A state prisoner may not obtain federal habeas relief on a claim that the state courts

refused to consider due to his failure to timely raise the claim at trial and/or on appeal, unless the

petitioner can establish cause for the failure and actual prejudice resulting therefrom, or a

fundamental miscarriage of justice if the federal court does not consider the claims. *Wainwright*

*v. Sykes*, 433 U.S. 72 (1977); *Coleman v. Thompson*, 501 U.S. 722, 724 (1991). Both cause and

prejudice must be established in order to overcome the procedural bar, and the burden of

demonstrating cause and prejudice lies with the petitioner. *McCoy v. Newsome*, 953 F.2d 1252,

1260 (11th Cir. 1992). "[T]he existence of cause for a procedural default must ordinarily turn on

whether the prisoner can show that some objective factor external to the defense impeded

counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 480,

488 (1986).

To prove prejudice, a petitioner must show not merely that errors at trial created a

possibility of prejudice, "but that they worked to his actual and substantial disadvantage,

infecting his entire trial with error of constitutional dimensions." *Murray*, 477 U.S. at 495

(quoting *United States v. Frady*, 456 U.S. 152, 156 (1982)).  The U.S. Supreme Court made clear

that both cause and actual prejudice must be shown, and specifically rejected the contention that

cause need not be shown if actual prejudice was shown. *Murray*, 477 U.S. at 495.  Additionally,

a mere possibility of actual prejudice resulting from an error at trial will not waive the

procedural default bar where other substantial evidence of guilt is present. *Wainwright,* 433 U.S.

at 91.

      Herein, Petitioner has not established cause or prejudice in order to excuse the procedural

default of these claims.  Further, Petitioner does not show that he was "actually innocent," which

is necessary to show a fundamental miscarriage of justice if his federal claims are not

considered.  *See Sawyer v. Whitley*, 505 U.S. 333, 339-40 (1992) (petitioner must show "actual

innocence" to meet the "fundamental miscarriage of justice exception").  Accordingly, this Court

must defer to the state court's findings of procedural default.  *Coleman*, 501 U.S. at 750; *Mincey

v. Head*, 206 F.3d 1106, 1135-36 (11th Cir. 2000).

      The state habeas court found that Petitioner procedurally defaulted on Grounds 2 and 3

because he failed to raise the claims on appeal.  The court determined that Petitioner failed to

demonstrate the necessary cause and prejudice sufficient to overcome the procedural default.

(Doc. 9-3).  Further, the court found that Petitioner did not show that relief should be granted

regardless of the default so as to avoid a "miscarriage of justice."  (*Id.*).  As Petitioner provides

no new evidence demonstrating cause and prejudice, this Court, deferring to the state court's

decision, finds that Grounds 2 and 3 of Petitioner's Petition are procedurally defaulted.  Thus,

Petitioner is not entitled to habeas relief on these grounds.

*Grounds 5, 6, 7, and 8*

In Grounds 5, 6, and 7, Petitioner alleges that the prosecution improperly submitted into evidence testimony regarding similar transactions of sexual assault, improperly indicted Petitioner on burglary charges seven years after the alleged crime, and alleges that the prosecutor committed perjury during his testimony regarding a 1993 hearing.  In Ground 8, Petitioner contends that the trial judge improperly sentenced Petitioner to life without parole.  (Doc. 5).

Respondent asserts that these claims are procedurally defaulted under Georgia's successive petition rule, as Petitioner did not raise these claims in his state habeas petition and would not be allowed to do so in a second state habeas corpus petition.  O.C.G.A. § 9-14-51. Under Georgia law, any grounds for habeas relief not raised in an original or amended habeas petition

> are waived unless the Constitution of the United States or of this state otherwise requires or unless any judge to whom the petition is assigned, on considering a subsequent petition, finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition.

*Id.*

As stated above, a state prisoner may not obtain federal habeas relief on a claim that the state courts refused to consider or would refuse to consider due to his failure to timely raise the claim at trial and/or on appeal, unless the petitioner can establish both cause for the failure and actual prejudice resulting therefrom, or can establish a fundamental miscarriage of justice if the federal court does not consider the claims.  *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Coleman v. Thompson*, 501 U.S. 722, 724 (1991).

Herein, Petitioner did not raise the issues presented in Grounds 5, 6, 7, or 8 in the state proceedings below, rendering the grounds procedurally defaulted.  Petitioner has not established

cause and actual prejudice to excuse the procedural default of these claims, nor has he established a fundamental miscarriage of justice if his claims are not heard.  Accordingly, the allegations contained in Grounds 5, 6, 7, and 8 will not support the granting of habeas relief herein.

***Lack of merit***

<u>Grounds 1 and 4</u>

In Ground 1, Petitioner alleges that he received ineffective assistance of counsel because his appellate counsel failed to raise an argument on appeal that Petitioner's trial counsel was ineffective for failing to file a special demurrer challenging the felony murder in Petitioner's indictment that erroneously charged burglary with intent to commit a felony without charging the manner in which the said felony was committed.  (Doc. 2).  In Ground 4, Petitioner maintains that appellate counsel was ineffective because he failed to raise an argument on appeal centering on the State's failure to articulate why a certain witness was unavailable to testify at trial[1].  (*Id.*).

The state habeas court made findings of fact regarding the issue of ineffective assistance of appellate counsel after conducting an evidentiary hearing where Petitioner's trial and appellate counsel testified.  The state habeas court found the following relevant facts:

> Agis Bray, III was assigned to Petitioner's case on appeal.  Mr. Bray obtained his undergraduate degree at Morehouse College. Mr. Bray graduated from the University of Southern California Law School in Los Angeles.  Mr. Bray joined the Dougherty County Public Defender's Office in January of 2005.  Mr. Bray received this case the day after he started at the Public Defender's Office.  Mr. Bray

---

[1]While Petitioner's fourth ground mentions Patterson as the witness who was unavailable to testify, it is clear from the Supreme Court's decision and the state habeas court evidentiary transcript that it was witness Johnson, not witness Patterson, who was not present at the trial to testify and the missing witness's absence was raised on appeal by Petitioner's appellate counsel. *See Humphrey*, 281 Ga. at 597, 599-600; Doc. 9-5, Hearing Transcript, p. 90.

began working on this case as a legal assistant and then as an attorney after he was licensed to practice law in May of 2005.

Mr. Bray testified that in preparation for appeal he read the whole transcript, and he made notes of every objection made at trial. Mr. Bray testified that he and Petitioner communicated by mail. Mr. Bray testified that he filed a motion for new trial that was denied. Mr. Bray testified that Petitioner informed him of fourteen claims that he felt should be raised on appeal. Mr. Bray testified that of those fourteen all except three were included in the appellate brief.

Mr. Bray testified that in deciding what grounds to raise on appeal he takes into consideration that there is a page limit on appellate briefs, and appellate judges prefer it when time is spent on the best arguments. Mr. Bray explained that he raised the grounds on appeal that had the best chance of winning. Additionally, Mr. Bray testified that he raised every claim he thought had merit.

Mr. Bray testified that he did consider raising the issue of ineffective assistance of trial counsel on appeal. However, Mr. Bray testified that in his review of the case trial he determined that counsel did a great job. Mr. Bray explained that he had no trouble finding issues to raise on appeal because trial counsel did such a good job preserving issues.

Mr. Bray testified that he did not see any problem with trial counsel's failure to demur to the indictment. Mr. Bray testified that there was nothing wrong with the malice murder charge of the indictment. Appellate counsel explained that in the indictment the underlying felony charge of aggravated assault with intent to rape was proper. Mr. Bray stated that he thought the underlying felony charge of burglary was suspect. However, even if trial counsel had filed a demurrer to the burglary charge of the indictment, it would have had no significance because there was still an underlying felony, the aggravated assault with intent to rape.

Mr. Bray testified that he was concerned about the trial court letting in a statement of a person who was not present to testify. The trial court claimed that there was sufficient indicia of reliability in the statement. Mr. Bray explained that the court was basically commenting to the jury that they should believe the statement, and because of this concern, Mr. Bray raised this issue on appeal.

(Doc. 9-3, pp. 4-5) (internal citations omitted).

In determining if Petitioner's appellate counsel was ineffective, the state habeas corpus court applied the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), to find that Petitioner had failed to meet his burden to show deficient performance and actual prejudice as to the allegations of ineffective assistance of appellate counsel.

The state habeas court applied the correct standard for evaluation of ineffective assistance of counsel claims.  In *Strickland v. Washington*, 466 U.S. at 687, the United States Supreme Court created a two-part test for determining whether a defendant received ineffective assistance of counsel. First, a petitioner must demonstrate that his attorney's performance was deficient, which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.*  Second, a petitioner must demonstrate that the deficient performance prejudiced the defense to such a degree that the results of the trial cannot be trusted. *Id.*

Under the first prong, the reasonableness of an attorney's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. *Id.* at 690.  The petitioner must carry a heavy burden, as "reviewing courts must indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* at 689 (citation omitted).

Under the prejudice prong, a petitioner must establish that there is a reasonable probability that the results would have been different but for counsel's deficient performance. *Kimmelman v. Morrison,* 477 U.S. 365, 375 (1986); *Strickland,* 466 U.S. at 696. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

A criminal defendant has a right to counsel on appeal, "limited to the first appeal as of

right". *Evitts v. Lucy*, 469 U.S. 387, 394 (1985). However, this right does not encompass a right to compel said counsel to pursue every claim deemed meritorious by the defendant. The Supreme Court has expressly held that "[n]either *Anders* nor any other decision of this Court suggests, however, that the indigent defendant has a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points." *Jones v. Barnes*, 463 U.S. 745, 751 (1983). "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Id.*

After discussing the applicable standards for evaluating the claims of ineffectiveness of appellate counsel, the state habeas court found that:

> In Ground One, Petitioner has failed to produce any evidence to prove his allegation. The record reflects that Mr. Bray did consider raising ineffective assistance of trial counsel on appeal. However, after reviewing the record, appellate counsel testified that there was no ground for raising ineffective assistance of counsel. Also, appellate counsel testified that he saw no problem with trial counsel failing to demur to the indictment. Mr. Bray explained that even if counsel had won the demur on the burglary charge there was still another underlying felony, aggravated assault with the intent to rape. Therefore, the demur would have had no effect because the State would still be able to bring a charge of felony murder on the indictment. Finally, appellate counsel testified that he raised all the meritorious claims available. Thus, Petitioner has failed to satisfy the performance prong under <u>Strickland</u>. Further, Petitioner has failed to prove that he was prejudiced. Therefore, Petitioner has failed to establish ineffective assistance of counsel.

> In Ground Four, Petitioner has failed to offer any evidence to prove that appellate counsel failed to raise the issue about the State's failure to explain why a certain witness was unavailable to testify. Contrary to Petitioner's claim, Mr. Bray did appeal the issue raised in Ground Four of Petitioner's habeas petition. Thus, Petitioner has failed to satisfy the performance prong under <u>Strickland</u>. Therefore,

Petitioner has failed to establish ineffective assistance of counsel.

(Doc. 9-3, pp. 6-7).

It does not appear, nor has Petitioner shown, that a state court's decision in this matter was contrary to or an unreasonable application of federal law.  The state habeas court relied on the principles governing ineffectiveness set forth in *Strickland v. Washington*, the clearly established law in this area, and determined that Petitioner's appellate counsel provided Petitioner with effective representation.  Relying on *Strickland,* the court found that counsel was not deficient.  The state habeas court's decision is not contrary to or an unreasonable application of clearly established federal law, nor is it based on an unreasonable determination of the facts.  Thus, this Court is prohibited from issuing habeas relief on the basis of the Petitioner's claims of ineffective assistance of appellate counsel.  28 U.S.C. §§ 2254(d)(1) & 2254(e)(1); *Williams v. Taylor*, 529 U.S. 362, 387-388 (2000).

***Conclusion***

As none of the grounds raised by the Petitioner will support the granting of federal habeas relief, it is the recommendation of the undersigned that this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be **DENIED**.  Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

The undersigned finds no substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); *Slack v.  McDaniel*, 529 U.S. 473, 483-84 (2000).  Therefore, it is recommended that the Court deny a certificate of appealability in its Final Order.  If the Petitioner files an objection to this Recommendation, he may include therein any arguments he

13

wishes to make regarding a certificate of appealability.

**SO RECOMMENDED**, this 14th day of October, 2011.

s/ *THOMAS Q. LANGSTAFF*

**UNITED STATES MAGISTRATE JUDGE**

llf