IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| CODY L. HUMPHREY, | : |
| Petitioner, | : |
| v. | : Case No. 1:08-cv-161 (WLS) |
| FRED BURNETTE, | : |
| Respondent. | : |

## ORDER

Before the Court is a Report and Recommendation from U.S. Magistrate Judge Thomas Q. Langstaff, filed October 14, 2011. (Doc. 17). It is recommended that Petitioner's 28 U.S.C. § 2254 habeas corpus petition (hereinafter "§ 2254 Petition"), which challenges Petitioner's 2001 Dougherty County conviction for malice murder and felony murder (Doc. 2), be denied. (Doc. 17 at 14). The Court's denial of Petitioner's certificate of appealability is also recommended. (*Id.* at 13). The recommended denial is based on (1) the procedural defaults of the arguments raised in Petitioner's § 2554 Petition—specifically, Petitioner's failure to raise Grounds 1 through 4 of his federal habeas corpus Petition on direct appeal in state court and in his state habeas corpus petition—and (2) a lack of legal merit as to Petitioner's ineffective assistance of trial and appellate counsel claims. (*Id.* at 5-13).

The Report and Recommendation provided the Parties with fourteen (14) days[1] from the date of its service to file written objections to the recommendations therein. (*Id.*). The period for filing objections expired on Monday, October 31, 2011. Petitioner timely filed his Objection on

---

[1] The Parties were given an additional three days because service was made by mail. *See* Fed. R. Civ. P. 6(d) (adding three days to specified period within which a party may act if service is made under Rule 5(b)(2)(C) by mailing process to a party's last known address).

October 28, 2011, raising several general objections to the Recommendation which the Court finds meritless. (Doc. 18).

Never offering any substantive legal argument in support of his objections, Petitioner merely reiterates the grounds he raises in his § 2254 Petition. To illustrate, with respect to Grounds 2 and 3, he states that his trial counsel denied his right to testify at trial and failed to interview three witnesses, object to hearsay, and research his case. (*Id.* at 2, 3). Similarly, as to Ground 4, he states that his appellate counsel failed to challenge the unavailability of a witness to testify at trial. (*Id.* at 2).

In further support of these grounds, Petitioner conclusorily labels or paraphrases his objections in fragmented sentences, for example, as "appellate counsel failing [sic] raise claim on Jeffery Johnson [sic] why he was unavailable to testify" or "trial counsel failing to object to hearsay." (*Id.*). His only elaboration on these objections is that the Recommendation was "wrong." (*Id.* at 3, 4, 5). However, by solely focusing on arguments that the state court system already has considered and on which it has ruled, and doing so in a non-explanatory, summary fashion, Petitioner has overlooked Judge Lanstaff's legal findings to Petitioner's detriment.

Petitioner's objections insufficiently attempt to challenge and thus, re-try the facts concerning the original charges Petitioner faced in Dougherty County and to which Judge Langstaff defers in the Recommendation. (*See id.* at 4 (directing Court to pages of trial transcript to refute evidence, including witness's testimony on identification of minor victim's underwear, witness's observation of Defendant at murder scene, and Defendant's fingerprints on telephone in victim's apartment)). Petitioner, however, has failed to establish the impropriety of these factual findings, and to the degree he challenges them, the Recommendation's legal findings.

That is, Petitioner does not discuss how or much less, whether Judge Langstaff incorrectly concludes that the state court decisions in his case were not contrary to, or did not

involve an unreasonable application of, clearly established Supreme Court precedent. *See* Williams v. Taylor, 529 U.S. 362, 376, 379 (2000) (citations omitted). Petitioner instead has chosen to refute the Recommendation's as well as the state courts' findings in a conclusory manner simply by labeling them as "wrong." An objection of this general nature cannot pass muster for purposes of habeas corpus relief, however.

Accordingly, Plaintiff's Objection (Doc. 18) is **OVERRULED**, and U.S. Magistrate Judge Langstaff's October 14, 2011 Report and Recommendation (Doc. 17) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein, together with the reasons stated and conclusions reached herein. Accordingly, Plaintiff's federal habeas corpus petition, filed pursuant to 28 U.S.C. § 2254 (*see* Doc. 2), is **DENIED**. The Court further **DENIES** Petitioner a certificate of appealability for failure to make a substantial showing of the denial of a constitutional right, sufficient to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2).

**SO ORDERED**, this 15th day of November 2011.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**